UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

STACY MOCK, on behalf of herself and
all others similarly situated,

                                    Plaintiff,               No. 3:22-cv-00995 (BKS/ML)

v.

TOMPKINS COMMUNITY BANK,

                                      Defendants.

_____

**APPEARANCES:**

*For Plaintiff:*
James J. Bilsborrow
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003

Sophia G. Gold
KalielGold PLLC
950 Gilman Street, Suite 200
Berkeley, CA 94710

Jeffrey D. Kaliel
KalielGold PLLC
1100 15th Street NW, 4th Floor
Washington, D.C. 20005

Tyler B. Ewigleben
Johnson Firm
610 President Clinton Avenue,
Little Rock, AK 72201

*For Defendant:*
Debra Bogo-Ernst
Matthew Freimuth
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019

**Hon. Brenda K. Sannes, Chief U.S. District Judge:**

**ORDER PRELIMINARILY APPROVING SETTLEMENT; CERTIFYING CLASS;
APPROVING NOTICE; AND SETTING
DATE FOR FINAL APPROVAL HEARING**

## I.   INTRODUCTION

Plaintiff Stacy Mock brings this putative class action against Defendant Tompkins Community Bank asserting claims for breach of contract, and violations of New York General Business Law ("NYGBL") § 349 arising out of Defendant's practices with respect to overdraft fees and insufficient funds fees. (Dkt. No. 1). Presently before the Court is Plaintiff's unopposed motion for preliminary approval of a class action settlement and certification for settlement purposes the proposed settlement class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3). (Dkt. No. 44). The Court, having considered Plaintiff's submissions, (Dkt. Nos. 44, 46), and the Settlement Agreement and Release (the "Settlement Agreement"), (Dkt. No. 44-2), and having conducted a preliminary hearing and having heard oral arguments of counsel at a videoconference on October 3, 2022, and for the reasons stated at the videoconference and herein, grants Plaintiff's motion for preliminary approval of the Settlement upon the terms and conditions set forth in this Order and conditionally certifies, for settlement purposes only, the settlement class outlined below.

## II.   APPLICABLE LAW

"Preliminary approval of a proposed settlement is the first in a two-step process required [by Federal Rule of Civil Procedure 23(e)] before a class action may be settled." *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997). "At this stage, [the court] need only decide whether the terms of the Proposed Settlement are 'at least sufficiently fair, reasonable and adequate to justify notice to those affected and an opportunity to be heard.'" *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11 MD 2262, 2018 WL 3475465, at *1, 2018

U.S. Dist. LEXIS 120856, at *6 (S.D.N.Y. July 19, 2018) (quoting *NASDAQ*, 176 F.R.D. at 102). "This analysis is 'a determination that there is what might be termed 'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness.'" *Id.*, 2018 U.S. Dist. LEXIS 120856, at *6–7 (quoting *In re Traffic Exec. Ass'n E. R.Rs.*, 627 F.2d 631, 634 (2d Cir. 1980)).

      "Before approving a class settlement agreement, a district court must first determine whether the requirements for class certification in Rule 23(a) and (b) have been satisfied." *In re Am. Int'l Grp., Inc. Sec. Litig. (In re AIG)*, 689 F.3d 229, 238 (2d Cir. 2012). However, "because the litigation is being settled, rather than litigated, the Court need not consider the manageability issues that litigation would present." *Berkson v. Gogo LLC*, 147 F. Supp. 3d 123, 159 (E.D.N.Y. 2015) (quoting *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997)). "The district court must also determine whether the action can be maintained under Rule 23(b)(1), (2), or (3)." *In re AIG*, 689 F.3d at 238. Here, Plaintiff seeks certification of the settlement class under Rule 23(b)(3), "which permits certification where 'the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.'" *Id.* (quoting Fed. R. Civ. P. 23(b)(3)). While trial management concerns "drop out of the predominance analysis," when considering a settlement class, "the certifying court must still determine whether the 'the legal or factual questions that qualify each class member's case as a genuine controversy' are sufficiently similar as to yield a cohesive class." *Id.* at 240 (quoting *Amchem*, 521 U.S. at 623).

III.    **CLASS CERTIFICATION AND PRELIMINARY APPROVAL OF SETTLEMENT**

WHEREAS, Plaintiff Stacy Mock and Defendant Tompkins Community Bank (together the "Parties"), have reached a proposed Settlement of this Litigation, which is set forth in the Settlement Agreement filed with the Court, (Dkt. No. 44-2); and

WHEREAS, Plaintiff has applied to the Court for preliminary approval of the proposed Settlement, the terms and conditions of which are set forth in the Settlement Agreement, and for conditional certification of a Settlement Class; and

WHEREAS, Defendant joins the request for preliminary approval of the Settlement and conditional certification of a Settlement Class; and

WHEREAS, the Court has fully considered the record of these proceedings, the Settlement Agreement and all the exhibits thereto, the representations, arguments, and recommendation of counsel for the Parties and the requirements of law; and

WHEREAS, it appears to the Court upon preliminary examination that adequate investigation and research has been conducted such that the counsel for the Parties at this time are able to reasonably evaluate their respective positions. It further appears to the Court that settlement at this time will avoid substantial additional costs by all Parties, as well as avoid the delay and risks that would be presented by further prosecution of this Litigation; and

WHEREAS, it appears to the Court upon the preliminary examination that the proposed Settlement is fair, reasonable, and adequate, and that a hearing should be held after notice to the Class of the proposed Settlement to finally determine whether the proposed Settlement is fair, reasonable, and adequate and whether a Final Approval Order and Judgment should be entered in this Litigation.

## THIS COURT FINDS AND ORDERS AS FOLLOWS:

1.     The capitalized terms used in this Preliminary Approval Order shall have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered.

2.     Preliminary approval of the proposed settlement is granted and the Parties are ordered to direct notice of the proposed settlement to the Class, in the manner set forth below and in the Settlement Agreement. The Court finds that it likely will be able to approve the settlement pursuant to the standards set forth in Rule 23(e)(2)–(5) because it appears that (A) the Class Representative and Class Counsel have adequately represented the Class; (B) the settlement was negotiated at arm's length; (C) the settlement provides adequate relief for the Class, taking into account the costs, risks, and delay of trial and appeal, the likely attorneys' fees to be awarded, the effectiveness of the proposed method of distributing relief to the Class, and all agreements related to the settlement identified by Class Counsel; and (D) the settlement treats all Class Members equitably relative to each other. Fed. R. Civ. P. 23(e)(2)–(3). Furthermore, the settlement provides Class members with an opportunity to opt out and to object. Fed. R. Civ. P. 23(e)(4)–(5). In addition, the Court has considered the *Grinnell* factors identified by the Second Circuit for determining whether a settlement is fair, reasonable, and adequate, *see Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005) (citing *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 454 (2d Cir. 1974)), and concludes that they support preliminary approval of the settlement. Specifically, the Court finds that the settlement is likely to be fair, reasonable, and adequate in light of: (i) the complexity, expense, and likely duration of the litigation; (ii) the reaction of the class to the settlement; (iii) the stage of proceeding and the amount of discovery completed; (iv) the risks of establishing liability; (v) the risks of establishing damages; (vi) the risks of maintain the class action through the trial; (vii) the ability

of the Defendants to withstand a greater judgment; (vii) the range of reasonableness of the settlement fund in light of the best possible recover; and (viii) the range of reasonableness of the settlement fund to a possible recover in light of all the attendant risks of litigation. *Id.*, *accord In re LIBOR- Based Fin. Instruments Antitrust Litig.*, 327 F.R.D. 483, 493 (S.D.N.Y. 2018).

3.      The Settlement Agreement was entered into by experienced counsel after adequate discovery, and after arm's-length negotiations, including a half-day private mediation conducted by Judge Richard A. Stone (ret.), an experienced mediator, and free of any apparent collusion.

4.      For purposes of the Settlement only and subject the Settlement Agreement, the Court finds that the prerequisites for class certification under Rule 23 of the Federal Rules of Civil Procedure have been preliminarily satisfied, and conditionally certifies the following Class:

> All current and former holders of a Tompkins Community Bank personal or business checking account, regardless of the state of residence or citizenship of its account holder, who, during the Class Period, incurred more than one Overdraft Fee or NSF Fee as the result of a checking account transaction being represented for payment.

The Court excludes from the Class all judicial officers presiding over this Litigation and their staff, and any of their immediate family members as well as Plaintiff's counsel and Tompkins officers and employees. The persons potentially comprising the Class and to whom Notice is to be emailed or mailed are identified in the Notice Database, as defined in the Settlement Agreement, which data will be maintained as indicated in the Settlement Agreement.

5.      For purposes of settlement only and subject to the Settlement Agreement, the Court further finds that "Class Period" means September 20, 2016 to and including the date of this Order.

6.      The Court preliminarily finds, for Settlement purposes only and subject to the Settlement Agreement, that the proposed Settlement Class satisfies the prerequisites for a settlement class action under Federal Rule of Civil Procedure 23 and, pursuant to Rule 23(b)(3), conditionally certifies the Settlement Class. In particular, the Court finds, for purposes of settlement only, that the following requirements are met:

     a.      The above-described Class is so numerous that joinder of all members is impracticable;

     b.      There are questions of law or fact common to the Class;

     c.      The claims of the Class Representative are typical of the claims of the Class;

     d.      The Class Representative will fairly and adequately protect the interests of the Class;

     e.      The questions of fact or law common to the members of the Class predominate over the questions affecting only individual members; and

     f.      Certification of the Class is superior to other available methods for the fair and efficient adjudication of the controversy. The Court notes that, because the litigation is being settled, rather than litigated, it need not consider the manageability issues that would be presented by this litigation. *Amchem Prods. Inc.,* 521 U.S. at 620.

7.      The Court finds that it has personal jurisdiction over the subject matter of this Litigation and personal jurisdiction over the Parties and all Class Members, including the absent Class Members.

8.     Plaintiff Stacy Mock is hereby preliminarily appointed and designated as Class Representative. This Court preliminarily finds that Plaintiff will fairly and adequately represent and protect the interests of the absent Class Members.

9.     The Court appoints James J. Bilsborrow of Weitz & Luxenberg, PC; Tyler B. Ewigleben of Johnson Firm; and Sophia Gold of KalielGold PLLC, as settlement Class Counsel. This Court preliminarily finds that they are competent, capable of exercising all responsibilities as Class Counsel and will fairly and adequately represent and protect the interests of the absent Class Members.

10.     Class Counsel is authorized to act on behalf of the Class Members with respect to all acts or consents required by, or which may be given pursuant to, the Settlement Agreement, and such other acts reasonably necessary to consummate the Settlement Agreement. Any Class Member may enter an appearance through counsel of his or her own choosing and at his or her own expense. Any Class Member who does not enter an appearance or appear on his or her own will be represented by Class Counsel.

11.     The Court approves KCC Class Action Services LLC to serve as the Settlement Administrator in this Litigation, and to fulfill the functions, duties, and responsibilities of the Settlement Administrator as set forth in the Settlement Agreement and this Order. By accepting this appointment, the Settlement Administrator has agreed to the Court's jurisdiction solely for purpose of enforcement of the Settlement Administrator's obligations under the Settlement Agreement.

12.     Any information comprising or derived from the Notice Database or Class List provided to the Settlement Administrator pursuant to the Settlement Agreement shall be provided solely for the purpose of providing Notice, or following final approval, Cash Awards, to the

Class Members and informing such Class Members about their rights further to this Settlement, shall be kept in strict confidence, shall not be disclosed to any third party other than as set forth in the Settlement Agreement to effectuate the terms of the Agreement or the administration process, shall be used for no other cases, and shall be used for no other purpose. To the extent that a Settlement Class Member has a question, Tompkins shall disclose information about the identity of Settlement Class Members to the limited extent required for Class Counsel to provide necessary assistance in response to such a question.

13.     To the extent that any federal or state law governing the disclosure and use of consumers' financial information (including but not limited to "nonpublic personal information" within the meaning of the Graham–Leach–Bliley Act, 15 U.S.C. § 6801 et seq., and its implementing regulations) permits such disclosure only as required by an order of a court, this order—

a.     qualifies as "judicial process" under 15 U.S.C. § 6802(e)(8), and

b.     authorizes the production of such information subject to this order's protections, in which case the producing party's production of such information in accordance with this order constitutes compliance with the applicable law's requirements. To the extent that any such law requires a producing or requesting party to give prior notice to the subject of any consumer financial information before disclosure, the Court finds that the limitations in this order furnish good cause to excuse any such requirement, which the Court hereby excuses.

14.     If the Settlement is terminated or is not consummated for any reason, the foregoing conditional certification of the Class and appointment of the Class Representative and

9

Class Counsel shall be void and of no further effect, and the Parties to the proposed Settlement shall be returned to the status each occupied before entry of this Order, without prejudice to any legal argument that any of the parties to the Settlement might have asserted but for the Settlement.

15.     A Final Approval Hearing shall be held before this Court on March 1, 2024, at 10:00 a.m., in Syracuse, New York, to address, among other things: (a) whether the Court should finally certify the Settlement Class and whether the Class Representative and Class Counsel have adequately represented the Settlement Class; (b) whether the proposed Settlement should be finally approved as fair, reasonable and adequate and whether the Final Approval Order and Judgment should be entered; (c) whether the Released Claims of the Settlement Class in this Litigation should be dismissed on the merits and with prejudice; (d) whether Class Counsel's Attorneys' Fees and Costs application and the Service Award for Named Plaintiff should be approved; and (e) such other matters as the Court may deem necessary or appropriate.

16.     Papers in support of final approval of the Settlement, and in support of or opposition to the Service Award to the Class Representative and Class Counsel's Attorneys' Fees and Costs application shall be filed with the Court according to the schedule set forth in Paragraph 28 below. The Final Approval Hearing may be postponed, adjourned, or continued by order of the Court by posting notice to the Settlement Class on the Settlement Website. After the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all Settlement Class Members with respect to the Released Claims being settled. The Court may finally approve the Settlement at or after the Final Approval Hearing with any modifications agreed to by Tompkins

and the Class Representative and without further notice to the Settlement Class, except such

notice as may be provided through the Settlement Website.

17.     The Court approves, as to form and content, the use of a short-form Email Notice

and Postcard Notice (together, the "Notice") substantially similar to the forms attached as

Exhibits 3 and 4 to the Settlement Agreement, respectively. The Postcard Notice will be

provided to members of the Class by first-class U.S. mail using Tompkins' records as well as

other investigations deemed appropriate by the Settlement Administrator, updated by the

Settlement Administrator in the normal course of business. The Postcard Notice shall be mailed

within 45 days of the date of entry of this Preliminary Approval Order (the Notice Deadline).

The Email Notice will be emailed to Tompkins accountholders who have provided their email

address to Tompkins, within 45 days of the date of entry of this Preliminary Approval Order. The

Long Form Notice, Exhibit 5 to the Settlement Agreement, will be posted on the Settlement

Website established by the Settlement Administrator, as set forth under the Settlement

Agreement, within 45 days of the date of the entry of this Preliminary Approval Order (the

Notice Deadline). Prior to the Final Approval Hearing, the Settlement Administrator will submit

to the Court a declaration of compliance with these notice provisions.

18.     In the event the Postcard Notice is returned undeliverable with a forwarding

address, the Settlement Administrator shall promptly re-mail the Postcard Notice to the indicated

forwarding address. In the event the Postcard Notice is returned undeliverable without a

forwarding address, the Settlement Administrator shall promptly perform reasonable address

traces for such returned notices in accordance with the Settlement Agreement. The Settlement

Administrator shall complete the remailing of Mailed Notices to those Class Members who were

identified as of that time through address traces or forwarding addresses promptly and within no

later than 15 days after the initial Notice Deadline. In the event that the Email Notice is returned as undeliverable or invalid, the Settlement Administrator shall promptly mail the Postcard Notice via first-class U.S. mail to the most recent known address, based on Tompkins' records as well as other investigations deemed appropriate by the Settlement Administrator, within 15 days after the initial Notice Deadline. Except as set forth herein, there shall be no further obligation or attempt to obtain a forwarding address for any such returned mail or to further re-mail any such Postcard Notice, Email Notice or returned mail. Prior to the Final Approval Hearing, the Settlement Administrator will submit to the Court a declaration of compliance with these notice re-mailing provisions.

19.     The Settlement Administrator shall have the discretion to make revisions to the format of the Notice in a reasonable manner to reduce mailing or administrative costs. Non-substantive changes may be made to the Notice by agreement of the Parties without further order of the Court.

20.     The Notice, as directed in this Order and set forth in the Settlement Agreement, constitutes the best notice practicable under the unique circumstances of this case and is reasonably calculated to apprise the members of the Settlement Class of the pendency of this Litigation and of their right to object to the Settlement or exclude themselves from the Settlement Class. The Court further finds that the Notice Program is reasonable, that it constitutes due, adequate, and sufficient notice to all persons entitled to receive such notice and that it meets the requirements of due process and of Federal Rule of Civil Procedure 23.

21.     The cost of Notice and Administrative Expenses shall be paid from the Settlement Fund, as provided for in the Settlement Agreement.

22.     Any member of the Class who desires to be excluded from the Settlement Class, and therefore not be bound by the terms of the Settlement Agreement, must submit to the Settlement Administrator, pursuant to the instructions and requirements set forth in the Notice, a timely and valid written request for exclusion postmarked no later than 45 days following the Notice Deadline.

23.     Each request for exclusion, or "Opt-Out", must be personally signed by the individual Class Member; any so-called "mass" or "class" opt-outs shall not be allowed. Further, to be valid and treated as a successful exclusion or "Opt-Out" the request must include: (i) the requester's full name, address, the last four digits of the account number, and contact telephone number or email address; (ii) the case name and number of this Litigation; (iii) an unequivocal statement that the Requestor desires to be excluded from the Settlement Class, and (iv) the requestor's signature.

24.     No person shall purport to exercise any exclusion rights for any other person, or purport to exclude any other Class Member as a group, aggregate, or class involving more than one Class Member, or as an agent or representative. Any such purported exclusion shall be void and the person that is the subject of the purported opt-out shall be treated as a member of the Settlement Class and be bound by the Settlement.

25.     Any member of the Settlement Class who elects to be excluded shall not be entitled to receive any of the benefits of the Settlement, shall not be bound by the release of any claims pursuant to the Settlement Agreement, and shall not be entitled to object to the Settlement at the Final Approval Hearing.

26.     Any Class Member who does not submit a valid and timely request for exclusion may object to the proposed Settlement. Any such Class Member shall have the right to appear

13

and be heard at the Final Approval Hearing, either personally or through an attorney retained at the Class Member's own expense. Any such Class Member must file with the Court and mail to the Settlement Administrator a written notice of intention to appear together with supporting papers, including a detailed statement of the specific objections made, delivered or postmarked no later than the Objection Deadline.[1] Each Objection must state (a) the case name and number of this Litigation; (b) objector's full name, current address, and the last four digits of the account number of any Tompkins account the objector claims was charged Challenged Fees in this Litigation; (c) a statement that the Settlement Class Member objects to the Settlement, in whole or in part; (d) the reasons why the objector objects to the Settlement along with copies any documents or other supporting materials; (e) the identity of any lawyer who assisted, provided advice, or represents the objector as to this case or such objection, if any; and (f) whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing either pro se or through counsel and whether the objecting Settlement Class Member plans on offering testimony at the Final Approval Hearing; and (g) the objector's original signature. Persons wishing to speak at the hearing must file by the same Objection Deadline a Notice of Intent to Appear containing such information as explained fully in the approved Notices. Any Settlement Class Member that fails to do object in the manner set forth herein shall be deemed to have waived, and shall forever be foreclosed from raising, any objection or opposition, by appeal, collateral attack, or otherwise and shall be bound by all of the terms of this Settlement upon Final Approval and by all proceedings, orders and judgments, including but not limited to the Release in the Litigation.

---

[1] A date that is no later than 45 days following the Notice Deadline and which will be specified by reference to a date certain in the Notices.

27.     Pending entry of the Final Approval Order and Judgment, the Plaintiff, Class Members, and any person or entity purporting to act on their behalf, are preliminarily enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) any Released Claim against any of the Released Parties in any action, arbitration or proceeding in any court, arbitration forum, or tribunal; provided, however, that this injunction shall not apply to individual claims of any Class Members who timely exclude themselves in a manner that complies with this Order and the Settlement Agreement. This injunction is necessary to protect and effectuate the settlement, this Order, and the Court's flexibility and authority to effectuate this settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

28.     Further settlement proceedings in this matter shall proceed according to the following schedule:

| EVENT | SCHEDULED DATE |
| --- | --- |
| Notice deadline (short-form Postcard Notice, Email Notice, and Long Form website posting) | 45 days after entry of Preliminary Approval Order |
| Attorney's Fees and Costs and Service Award application | 15 days before Objection Deadline |
| Last day for Class Members to opt out of Settlement (the Opt-Out Deadline) | 45 days after Notice Deadline |
| Last day for Class Members to Object to the Settlement (the Objection Deadline) | 45 days after Notice Deadline |
| Briefs in support of Final Approval or Opposition to any Objections due by | February 16, 2024 |
| Tompkins to file certification regarding CAFA notice requirements | February 16, 2024 |
| Final Approval Hearing | March 1, 2024 at 10:00 a.m. in Syracuse, New York |

29.     Service of all papers on counsel for the parties shall be made as follows: for settlement Class Counsel to Sophia Gold, KalielGold PLLC, 950 Gilman Street, Ste 200, Berkeley, CA 94710; for Defendant to Debra Bogo-Ernst, Willkie Farr & Gallagher LLP, 300 N. LaSalle Dr., Chicago IL 60654.

30.     "Class Counsel" refers individually and collectively to James J. Bilsborrow of Weitz & Luxenberg, PC, Tyler B. Ewigleben of Johnson Firm, and Sophia Gold of KalielGold PLLC.

31.     The address of this Court for purposes of any Objection as set forth in paragraph 26 is: Clerk of the Court, U.S. District Court for the Northern District of New York, PO Box 7367 Syracuse, NY 13261.

32.     In the event that a Final Approval Order and Judgment is not entered by the Court, or the Effective Date of the Settlement does not occur, or the Settlement Agreement otherwise terminates according to its terms, this Order and all orders entered in connection therewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever, including without limitation for any evidentiary purpose (including but not limited to class certification), in this Litigation or any other action. In such event the Settlement Agreement, exhibits, attachments and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all of the parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

33.     Any deadlines set in this Preliminary Approval Order may be extended, or other aspects of the settlement modified, by order of the Court, for good cause shown, without further

16

notice to the Settlement Class, except that notice of any such orders shall be posted by the Settlement Administrator to the Settlement Website that the Settlement Administrator will establish and maintain in accordance with the Agreement. Class Members should check the Settlement Website regularly for updates, changes, and/or further details regarding extensions of deadlines, orders entered by the Court, and other information regarding the settlement.

34.     The Parties are hereby authorized to establish the means necessary to administer the Settlement.

35.     All discovery and other litigation activity and proceedings in this Litigation, other than as necessary to carry out the terms and conditions of the Settlement or the responsibilities related thereto, are hereby suspended and stayed pending final approval of the Settlement and further order of this Court.

36.     The Settlement shall not constitute an admission, concession, or indication of the validity of any claims or defenses in the Litigation, or of any wrongdoing, liability, or violation by Tompkins, which vigorously denies all of the claims and allegations raised in the Litigation.

## IV.   CONCLUSION

Accordingly, it is

**ORDERED** that the motion to certify a class for purposes of settlement and for preliminary approval of class settlement (Dkt. No. 44), is **GRANTED**, and the Settlement Agreement is preliminarily approved, the Settlement Class is conditionally certified, and Class Notice shall be mailed to all Class Members in accordance with the terms of the Settlement Agreement; and it is further

**ORDERED** that any motion to certify a class, for final approval of class action settlement, and for attorneys' fees and costs shall be filed by February 16, 2024; and it is further

 **ORDERED** that any motion for attorneys' fees and costs shall be supported by contemporaneous attorney billing records.

 **IT IS SO ORDERED.**

Date: <u>October 13, 2023</u>
   Syracuse, NY

Brenda K. Sannes
Chief U.S. District Judge