UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STACY MOCK, on behalf of herself and all others
similarly situated,

                     3:22-cv-00995 (BKS/ML)

            Plaintiff,

v.

TOMKINS COMMUNITY BANK,

            Defendant.
_____

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT**

   **WHEREAS**, on October 13, 2023, this Court entered an Order Granting Preliminary Approval of Proposed Settlement Agreement (the "Preliminary Approval Order"), preliminarily approving the proposed settlement of this Litigation pursuant to the terms of the Parties' Settlement Agreement and Release ("Settlement Agreement") and directing that notice be given to the Class Members;

   **WHEREAS**, pursuant to the Parties' plan for providing notice to the Class (the "Notice Program"), the Settlement Class was notified of the terms of the proposed settlement and of a Final Approval Hearing to determine, inter alia, whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release and dismissal of the Released Claims against the Released Parties as contemplated in the Settlement Agreement, and whether judgment should be entered dismissing the Litigation with prejudice; and

   **WHEREAS**, a Final Approval Hearing was held on March 1, 2024. Prior to the Final Approval Hearing, proof of completion of the Notice Program was filed with the Court, along with declarations of compliance. Class Members were therefore notified of the terms of the

proposed settlement and their right to appear at the hearing in support of or in opposition to the proposed settlement, the amount of attorney's fees and costs requested by Class Counsel, and the Service Award requested for the Class Representative;

**NOW, THEREFORE**, the Court, having heard the oral presentations made at the Final Approval Hearing, having reviewed all of the submissions presented with respect to the proposed settlement, having determined that the settlement is fair, adequate, and reasonable, having considered Class Counsel's Motion for Attorney's Fees and Costs and the Class Representative's Service Award, together with any briefing and argument in support thereof or in opposition thereto, and having reviewed the materials in connection therewith, and good cause appearing, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.  The capitalized terms used in this Order shall have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered.

2.  The Court has jurisdiction over the subject matter of this Litigation, all claims raised therein, and all Parties thereto, including Settlement Class Members.

3.  The Court finds, solely for purposes of considering this settlement and this Final Approval Order, that the requirements of Federal Rule of Civil Procedure 23 are satisfied, including requirements for the existence of numerosity, commonality, typicality, adequacy of representation, and manageability of the Settlement Class for settlement purposes, that common issues of law and fact predominate over individual issues, and that settlement and certification of the Settlement Class is superior to alternative means of resolving the claims and disputes at issue in this Litigation.

4. The Settlement Class, which will be bound by this Final Approval Order, shall include all Class Members who did not submit a timely and valid Opt-Out request.

5. For purposes of settlement and this Final Approval Order only, Plaintiff Stacy Mock ("Plaintiff") is appointed and shall serve as Class Representative of the Settlement Class.

6. For purposes of settlement and this Final Approval Order only, the Court appoints the following as Class Counsel on behalf of Plaintiff and the Settlement Class: James J. Bilsborrow of Weitz & Luxenberg, PC; Tyler B. Ewigleben of Johnson Firm; and Sophia Gold of Kaliel Gold PLLC.

7. For purposes of settlement and this Final Approval Order only, the Court hereby certifies the following Settlement Class:

> All current and former holders of a Tompkins Community Bank personal or business checking account, regardless of the state of residence or citizenship of its account holder, who, during the Class Period, incurred more than one Overdraft Fee or NSF Fee as the result of a checking account transaction being represented for payment.

The Settlement Class excludes all judicial officers presiding over this Litigation and their staff, and any of their immediate family members as well as Plaintiff's counsel and Tompkins officers and employees.

8. The persons comprising the certified Settlement Class are identified in the Class List, as defined in the Settlement Agreement, which list will be maintained as indicated in the Settlement Agreement.

9. For purposes of settlement only, certification of the Settlement Class and this Final Approval Order, the Court further finds that "Class Period" means September 20, 2016 to and including October 13, 2023.

10. The Court finds for purposes of settlement only that the Settlement Class satisfies the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) and 23(b)(3). The Court finds, for purposes of settlement only, that the following requirements are met: (a) the above-described Settlement Class Members are so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) Plaintiff's claims are typical of Settlement Class Members' claims; (d) Plaintiff has fairly and adequately represented the interests of the Settlement Class and will continue to do so, and Plaintiff has retained experienced Class Counsel; (e) the questions of law and fact common to the Settlement Class Members predominate over any affecting any individual Settlement Class Member; and (f) a class action provides a fair and efficient method for settling the controversy under the criteria set forth in Rule 23 and is superior to alternative means of resolving the claims and disputes at issue in this Litigation.

11. Notwithstanding the certification of the foregoing Settlement Class and the appointment of Class Counsel and of the Class Representative for purposes of effecting the settlement, if this Order is reversed on appeal, or the Settlement is terminated or is not consummated for any reason, the foregoing certification of the Settlement Class and appointment of Class Counsel and of the Class Representative shall be void and of no further effect, and the Parties to the proposed settlement shall be returned to the status each occupied before entry of this Order as if no Class was certified and without prejudice to any legal argument that any of the Parties to the settlement might have asserted but for the settlement.

12. The Court finds that the Notice Program set forth in Section X of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order constitutes the best notice practicable under the circumstances and shall constitute, and was reasonably calculated to

provide and did provide, due and sufficient notice to the Settlement Class of the pendency of this Litigation, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, the date of the Final Approval Hearing, and the right to object and to appear at the Final Approval hearing or to exclude themselves from the settlement, and satisfies the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.

13. The Court hereby approves the settlement, including the plan for the calculation and distribution of the Cash Awards, and finds that the settlement, as set forth in the Settlement Agreement and this Order, satisfies each of the requirements of Federal Rule of Civil Procedure 23(e)(2) and is in all respects fair, reasonable, adequate, and in the best interests of the Settlement Class, taking into account the *Grinnell* factors used by the Second Circuit: (i) the merits of the plaintiffs' case, weighed against the terms of the settlement; (ii) the defendant's financial condition; (iii) the complexity and expense of further litigation; and (iv) the amount of opposition to the settlement. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005); *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 327 F.R.D. 483, 493 (S.D.N.Y. 2018). The Court further finds that the Class Representative and Class Counsel have at all times adequately represented the Class and the settlement negotiations that resulted in the settlement were at all times conducted at arm's length. The Court also finds that Class Counsel have identified all required agreements related to the settlement and that, because the settlement provides a minimum award payment in equal amount to all Class Members from the Settlement Fund and also provides for a pro rata distribution of the Settlement Fund commensurate with alleged harm to Class Members, the settlement treats all Class Members equitably relative to one another. Fed. R. Civ. P. 23(e)(2). The Court finds that the recovery provided by the settlement is

5

reasonable, including in light of the merits and complexity of the case, and the degree of opposition to the settlement. *Wal-Mart*, 396 F.3d at 117. For all of these reasons, the Court grants final approval of the settlement.

14. The Parties shall effectuate the Settlement Agreement according to its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

15. Provided the Effective Date has occurred, distribution of the Cash Awards to Settlement Class Members provided for in the Settlement Agreement shall be paid to Settlement Class Members, pursuant to the terms and conditions of the Settlement Agreement and Sections V and VI thereof.

16. Settlement Class Members were duly afforded an opportunity to object to the settlement and there were no objections to the settlement.

17. Upon the Effective Date, the Releasors shall have, by operation of this Final Approval Order, fully, finally, and forever released, relinquished, and discharged the Released Parties from all Released Claims pursuant to Section VII of the Settlement Agreement.

18. Releasors are hereby permanently barred and enjoined from instituting, commencing, or prosecuting, either individually or as a class, or in any other capacity, any Released Claims against any of the Released Parties. In addition, Plaintiff and each Settlement Class Member are hereby enjoined from asserting as a defense, including as a set-off or for any other purpose, any argument that if raised as an independent claim would be part of the Released Claims.

19. This Final Approval Order, the Final Judgment, the Settlement Agreement, the settlement which it reflects, and any and all acts, statements, documents, or proceedings relating

to the settlement are not, and shall not be construed as or used as an admission by or against Tompkins or any other Released Party of any fault, wrongdoing, or liability on their part, or of the validity of any Released Claim or of the existence or amount of damages. This Final Approval Order and the Settlement Agreement do not constitute a concession and shall not be used as an admission or indication of any wrongdoing, fault, or omission by Tompkins or any of the other Released Parties or any other person in connection with any transaction, event or occurrence, and neither this Final Approval Order nor the Settlement Agreement nor any related documents in this proceeding, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceedings, other than such proceedings as may be necessary to consummate or enforce this Final Approval Order, the Settlement Agreement, and all releases given thereunder, or to establish the affirmative defenses of res judicata or collateral estoppel barring the pursuit of claims released in the Settlement Agreement. This Final Approval Order also does not constitute any opinion or position of the Court as to the merits of the claims and defenses related to this Litigation.

20. The claims of the Class Representative and all Settlement Class Members in this Litigation, and as defined as Released Claims in Section VII of the Settlement Agreement, are hereby dismissed in their entirety with prejudice. Except as otherwise provided in this Order and/or in this Court's Order Awarding Attorneys' Fees and Costs in this Litigation, entered in response to Class Counsel's motion therefor brought in connection with the settlement, the Parties shall bear their own costs and attorneys' fees. The Court reserves jurisdiction over the implementation of the settlement, including enforcement and administration of the Settlement Agreement, including any releases in connection therewith and any other matters related or ancillary to the foregoing.

21. The Court, being fully advised and having afforded Class Members an opportunity to object, finds that the Class Settlement is fair and reasonable under Rule 23 of the Federal Rules of Civil Procedure, the Notice sent to Class Members satisfies the requirements of Rule 23 and due process, and the Parties have fully complied with the Preliminary Approval Order.

22. The Court finds that Tompkins provided Class Action Fairness Act ("CAFA") notice to the appropriate state and federal officials pursuant to 28 U.S.C. § 1715.

23. The Court finds that no reason exists for delay in entering this Final Approval Order. Accordingly, the Clerk is directed to enter this Final Approval Order and the accompanying Judgment of Dismissal.

24. The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with the Final Approval Order and Judgment of Dismissal and do not limit the rights of the Settlement Class Members.

25. All Settlement Class Members are bound by this Final Approval Order and the Judgment of Dismissal. They are further bound by the terms of the Settlement Agreement including, but not limited to, its Release provisions.

26. Notice of entry of this Order and the ensuing Judgment of Dismissal has been given to Class Counsel on behalf of the Settlement Class. It shall not be necessary to send notice of entry of this Final Approval Order or ensuing Judgment of Dismissal to individual members of the Settlement Class.

27. In the event that the Settlement Agreement is terminated pursuant to its own terms; or the Settlement Agreement, Preliminary Approval Order, Final Approval Order, or Judgment of Dismissal are reversed, vacated, or modified in any material respect by this or any other court; then: (a) all orders entered pursuant to the Settlement Agreement shall be vacated, including this Final Approval Order; (b) the instant action shall proceed as though a Settlement Agreement had never been reached; and (c) no reference to the prior Settlement Agreement, or any documents or actions related thereto, shall be made for any purpose; provided, however, that the Parties to the Settlement Agreement agree to appeal an adverse ruling jointly and if the Settlement Agreement, Preliminary Approval Order, Final Approval Order, or Judgment of Dismissal are upheld on appeal in all material respects, then the Settlement Agreement, Preliminary Approval Order, Final Approval Order, or Judgment of Dismissal shall be given full force and effect.

28. Without affecting the finality of this Final Approval Order or the Judgment of Dismissal for purposes of appeal, the Court retains jurisdiction as to all matters related to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Final Approval Order and accompanying Judgment of Dismissal, and for any other necessary purpose.

**IT IS SO ORDERED.**

Dated: <u>April 10, 2024</u>
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge